CAMPBELL, Judge.
Appellants, Benaja Properties, Inc., Nard S. Helman and David F. Young, challenge the final judgment awarding a real estate brokerage commission and attorney’s fees to appellees based on a real estate broker’s commission contract between Benaja Prop *549 erties and appellees, Richard A. Murno, P.A. and Gerald Fischer. Appellant Benaja Properties was the seller of the real estate involved. Appellant Young, president of Benaja Properties and an attorney, signed the contract solely in his representative capacity as president. Appellant Helman, who was- acting as attorney for Benaja Properties, did not sign the contract. Hel-man and Young were personally and individually joined in the action below on a tort theory involving alleged breaches of fiduciary duties to appellees, who were appellant Benaja Properties’ brokers for the real estate sale. The final judgment found that appellants each were liable, jointly and severally, to appellees for the real estate brokerage commission and attorney’s fees.
While we find no error in the final judgment finding appellant Benaja Properties liable for the brokerage and attorney’s fees, we do find error in the final judgment insofar as it found appellants Helman and Young personally liable for those fees. Appellant Young was a signatory to the commission contract but was not a party to it as he was acting not as an individual but signed specifically as president for appellant Benaja Properties. Appellant Helman did not sign the contract at all. Young and Helman had been joined as defendants solely on a tort theory for alleged breaches of fiduciary duties to appellees. We find a lack of evidence to support a breach by appellants Helman and Young of a clearly imposed duty to appellees that will support the final judgment against them.
We, therefore, affirm the final judgment against appellant Benaja Properties. We reverse the judgment imposing personal liability against appellants Helman and Young.
RYDER, A.C.J., and DANAHY, J., concur.